Dear Mr. Theriot:
You ask us to revisit our legal opinion 94-278 concerning whether an alderman could continue to serve in office while employed in a full-time capacity as Director of Business Services with the University of Southwestern University. In that opinion, the author concluded that the position in question at the University is not to be considered employment in a "professional educational capacity" for purposes of the exemption provided in LSA-R.S. 42:66(B), stating:
 (B) Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
From a review of Mr. Wayne Theriot's job description, we continue to adhere to our conclusion that Mr. Theriot does not hold employment in a professional education capacity. Mr. Theriot is not required to teach, to affect the curriculum taught at the University, nor is he required to directly participate in the delivery of educational programs at the University. This office has previously found the presence of these factors to be indicative of an individual performing in a "professional educational capacity." See Attorney General Opinions 94-278 and 93-625, copies of which are enclosed.
We reaffirm our conclusion with respect to Mr. Theriot, despite our conclusions drawn in Opinion 94-393. That opinion is distinguishable from the instant circumstances, as we consider the individual in question therein to be instrumental in planning the long and short range educational goals for the students of the college. Unfortunately, Mr. Theriot's responsibilities do not include such function.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams